IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02556-BNB

NED PACE, JR.,

      Applicant,

v.

JOHN CHAPDELAINE, Acting Warden,
THE PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

ORDER OF DISMISSAL

---

      Applicant, Ned Pace, Jr., is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Pace has filed a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Case Nos. 02CR185 and 02CR186 in the District Court for the City and County of Denver.

      In an order entered on October 24, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On October 31, 2011, Respondents filed a Pre-Answer Response.  Mr. Pace submitted a Reply on November 21, 2011.

      The Court must construe liberally the Application filed by Mr. Pace because he is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I.    Background and State Court Proceedings

Following a jury trial in two consolidated cases on October 23, 2002, Mr. Pace was found guilty of two counts each of first degree murder, felony murder, and sexual assault. Pre-Answer Resp. Ex. A at p. 9 (State Register of Actions). The trial court subsequently sentenced Mr. Pace to life without parole in the Department of Corrections. *Id.*

Mr. Pace then filed a direct appeal to the Colorado Court of Appeals. *Id.* The appellate court affirmed his convictions on May 5, 2005. *See People v. Pace*, No. 02CA2379 (Colo. App. May 5, 2005) (unpublished opinion). Mr. Pace petitioned the Colorado Supreme Court for certiorari review, which was denied on October 3, 2005. Pre-Answer Resp. at Ex. A, p. 8. The mandate issued on October 12, 2005. *Id.* at 3.

On March 19 and 21, 2008, Mr. Pace filed post-conviction motions pursuant to Colorado Rule of Criminal Procedure Rule 35(c). Pre-Answer Resp. at Ex. A, p. 7. The trial court denied the motions on September 5, 2008. *Id.*

Mr. Pace filed an additional Rule 35(c) motion on May 18, 2009. *Id.* The trial court denied the motion on January 7, 2010. *Id.* Mr. Pace filed an appeal, and the Colorado Court of Appeals affirmed the trial court on March 24, 2011. *See People v. Pace*, No. 10CA0368 (Colo. App. March 24, 2011) (unpublished opinion).

2

Mr. Pace then filed the instant action, which was received by the Court on

September 29, 2011.  In the Application, Mr. Pace asserts twenty-six claims.

## II.    Timeliness

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Pace's criminal case became final. Because Mr. Pace filed a direct appeal, his conviction became final ninety days after October 3, 2005, the date the Colorado Supreme Court denied certiorari review. ***See*** 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Pace's conviction became final on January 2, 2006.[1] As such, the one-year statute of limitations began to run on January 3, 2006, the next business day after the conclusion of the time to appeal. ***See, e.g., Locke v. Saffle***, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Pace's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

---

[1] The ninetieth day fell on a Sunday, January 1, 2006. Therefore, the filing deadline extends until January 2, 2006. ***See*** C.A.R. 26(a).

4

The issue of whether a postconviction motion is pending is a matter of federal law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Pace's state court action between January 3, 2006, and March 19, 2008.  *See* Pre-Answer Resp. at Ex. A, p. 7; Ex. B, p. 6. Therefore, the statute of limitations began to run on January 3, 2006, and ran un-tolled until it expired on January 3, 2007.  Because the one-year limitation period expired before Mr. Pace filed his first post-conviction motion on March 19, 2008, that motion, and any subsequent motions, could not have tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  The Court finds that the limitation period expired approximately four years and eight months prior to the filing of the application on September 29, 2011.  Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

III.     **Equitable Tolling**

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  ***See Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998).  In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  ***See Gibson***, 232 F.3d at 808.  Simple excusable neglect, however, is not sufficient to support equitable tolling.  ***See id***.  Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently.  ***See Miller***, 141 F.3d at 978.  Finally, Mr. Pace bears the burden of demonstrating that equitable tolling is appropriate in this action.  ***See id.*** at 977.

Mr. Pace argues that he is entitled to equitable tolling because his attorney told him that the attorney would "file for a new trial" in May of 2006 but failed to do so.  Reply at 4.  It is true that particularly egregious misconduct, such as repeated, deceitful assurances that a habeas petition would soon be filed, may entitle a habeas applicant to equitable tolling.  ***See Fleming v. Evans***, 481 F.3d 1249, 1256-57 (10th Cir. 2007); ***see also Holland***, 130 S.Ct. at 2564 (stating that the one-year limitation period is subject to equitable tolling when "serious instances of attorney misconduct" have occurred).  However, the ***Fleming*** court also recognized that "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for their attorneys' actions or

6

failures." *Id.* at 1255-56 (quoting ***Modrowski v. Mote***, 322 F.3d 965, 968 (7th Cir. 2003)).  In this case, Mr. Pace does not allege that his counsel was assisting him in preparing a habeas petition or that his counsel repeatedly assured him that a habeas petition would be filed on his behalf.

Further, federal case law requires that Mr. Pace "allege with specificity the steps he took to diligently pursue his federal claims" in order to meet the diligence requirement associated with equitable tolling.  ***Yang v. Archuleta***, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted).  Mr. Pace fails to detail any steps that he took to "diligently pursue his federal claims".  *Id.*  Moreover, the fact that Mr. Pace's attorney was contemplating filing for a new trial in 2006 does not explain Mr. Pace's complete failure to file any motions in his criminal case until March 19, 2008, nor his decision to delay the filing of his habeas application until September 29, 2011.

IV.   **Conclusion**

Having reviewed Mr. Pace's allegations, the Court finds that he has failed to assert any basis for equitable tolling.  Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.  Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Pace has exhausted his state court remedies.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  8th  day of ___December_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court